

**ORDERED in the Southern District of Florida on January 10, 2025.**

*Scott M. Grossman*

**Scott M. Grossman, Judge
United States Bankruptcy Court**

___

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division
www.flsb.uscourts.gov

In re:

DMD Florida Development 2, LLC
DMD Florida Restaurant Group C LLC,
and DMD Florida Restaurant Group D LLC,

              Debtors.
_____/

Case No. 25-10088-SMG
Chapter 11
(Jointly Administered)

## AGREED INTERIM ORDER GRANTING DEBTORS' MOTION TO USE CASH COLLATERAL OF <u>FLORIDA RESTAURANT FRANCHISE GROUP IX, LP</u>

**THIS MATTER** came before the Court on January 9, 2025 at 1:30 p.m. in Fort Lauderdale, Florida upon Debtors' DMD FLORIDA DEVELOPMENT 2, LLC ("DMD Development 2"), DMD FLORIDA RESTAURANT GROUP C, LLC ("DMD C"), and DMD FLORIDA RESTAURANT GROUP D, LLC ("DMD D") (collectively, the "Debtors") *Expedited Motion to Use Cash Collateral of Florida Restaurant Franchise*

*Group IX, LP* [ECF 6] (the "Motion"). Adequate notice of the hearing was given under the circumstances. The Court, having reviewed the record and having heard the proffers of counsel, having noted the agreement of Creditor FLORIDA RESTAURANT FRANCHISE GROUP IX, LP (the "Lender") as set forth herein, and being otherwise fully advised in the premises, does hereby

**ORDER and ADJUDGE** as follows:

1. The Motion is **GRANTED** to the extent set forth herein.

2. The Debtors are hereby authorized to use the Cash Collateral (as defined below) of the Lender in the manner set forth in the Motion and provided in this Order, on an interim basis until **January 31, 2025**.

3. The Debtors are hereby permitted to use Cash Collateral, as defined in 11 U.S.C. § 363(a), including the cash or noncash proceeds of assets that were not Cash Collateral on the Petition Date ("Cash Collateral") up to the amounts shown in the Budget attached hereto.

4. As a condition of permitting the Debtors to use Cash Collateral as provided herein, the Debtors will operate strictly in accordance with the Budget, not to exceed ten percent (10%) above the amount of any line item shown in the Budget.

5. As adequate protection for the use of Cash Collateral and for any diminution in value of the Lender's pre-petition collateral as described in the loan documents between the Debtors and the Lender, the Lender is hereby granted a replacement lien upon, and security interest in, all property of the Debtors generated post-petition to the same extent and in the same order of priority of any valid pre-

petition lien.

6. The Debtors may exceed the line item expenses by more than 10% with the Lender's written consent. In consenting to a Budget item in the future or by taking any other actions pursuant to this Order, the Lender shall not have any liability to any third party and shall not be deemed to be in control of the operations of the Debtors or to be acting as a "responsible person" with respect to the operation or management of the Debtors.

7. During the period governed by this Order, the Debtors shall maintain an accounting of all Cash Collateral funds received post-petition, and funds expended to pay the expenses set forth in the Budget, as required by the monthly operating report guidelines. The Debtors shall serve any reports required by the United States Trustee, including all monthly operating reports for the prior month's operations, on the Lender. Such service may be made on the Lender by serving its counsel *via* email or Court ECF.

8. The Debtors shall forthwith serve a copy of this Order and the Motion on all parties and counsel entitled to notice pursuant to Rule 4001(b) of the Federal Rules of Bankruptcy Procedure.

9. Nothing herein shall limit or prejudice the Lender or the United States Trustee from seeking such other or further relief or right available in law, under the Code or otherwise, with regard to the final/continued hearing on the use of Cash Collateral or otherwise.

10. Nothing herein shall serve as a determination as to the extent, validity

or priority of the Lender's lien, nor the treatment of Lender's claim. All rights of both the Debtors and the Lender with respect to same are expressly preserved.

11. The rights of interested parties, including the United States Trustee and creditors, to object to proposed use of cash collateral on a final basis are reserved.

12. The Court shall conduct a continued hearing on the use of Cash Collateral of the Lender on **January 29, 2025 at 2:30 p.m.** at U.S. Courthouse, 299 E Broward Blvd, Courtroom 308, Fort Lauderdale, FL 33431

### 

Submitted by:
Aaron A. Wernick, Esq.
Hayley G. Harrison, Esq.
Wernick Law, PLLC
*Proposed Attorneys for the Debtors*
2255 Glades Road, Suite 324A
Boca Raton, FL 33431
(561)961-0922
awernick@wernicklaw.com

*Hayley G. Harrison, Esq. is directed to serve a conformed copy of this Order on all parties listed on the official court matrix, and to file a certificate of service conforming to Local Rule 2002-1(f).*

| **Estimated Monthly Budget DMD C** | |
|---|---:|
| **Gross Income** | **$955,000.00** |
| **Expenses:** | |
| Bank Charges and Credit Card expense | $39,000.00 |
| Cost of goods sold & comps | $221,000.00 |
| Rest Supplies/chemicals/linen | $39,000.00 |
| Repairs and Maintenance | $13,500.00 |
| Insurance - Liability & Prop | $14,000.00 |
| Office Expenses & Dues and music/entertainment | $13,000.00 |
| Franchise Royalties and Nat'l Marketing Fund | $78,000.00 |
| Payroll w/Tax Expense | $351,000.00 |
| Interest Expense/legal fees | $22,000.00 |
| Delivery Fees | $8,500.00 |
| Travel and Meal Exp | $750.00 |
| Misc Exp | $5,000.00 |
| Utilities | $14,000.00 |
| **Total Expenses** | **$818,750.00** |
| **Net Operating Income** | **$136,250.00** |

| Estimated Monthly Budget DMD D | |
|---|---:|
| **Gross Income** | **$680,000.00** |
| **Expenses:** | |
| Bank Charges and Credit Card expense | $25,000.00 |
| Cost of goods sold & comps | $185,000.00 |
| Rest Supplies/chemicals/linen | $26,000.00 |
| Repairs and Maintenance | $17,000.00 |
| Insurance - Liability & Prop | $11,500.00 |
| Office Expenses & Dues and music/entertainment | $12,000.00 |
| Franchise Royalties and Nat'l Marketing Fund | $52,000.00 |
| Payroll w/Tax Expense | $287,000.00 |
| Delivery Fees | $3,700.00 |
| Travel and Meal Exp | $750.00 |
| Misc Exp | $5,500.00 |
| Utilities | $12,500.00 |
| **Total Expenses** | **$637,950.00** |
| **Net Operating Income** | **$42,050.00** |